**Larry Rogers DIXON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00058–CR.**

Court of Appeals of Texas, Dallas.

Nov. 6, 1981.

E. Brice Cunningham, Dallas, for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, Asst. Dist. Atty., Dallas, for appellee.

Before ROBERTSON, STEPHENS and SPARLING, JJ.

ROBERTSON, Justice.

This is an appeal from a conviction for indecency with a child. Appellant contends the trial court erred in admitting into evidence his written statement because, due to the promise of benefit by one in authority which induced the statement, it was not made voluntarily. We hold that the promise to drop the charges, made by the com-

plaining witness's mother, appellant's cousin, was not made by a person in authority and, therefore, appellant's written statement was made voluntarily. Accordingly, the judgment is affirmed.

On April 6, 1979, appellant Dixon contacted his cousin, Willie Fay Neal, and asked if he could bring her 16 year old handicapped daughter, Sharon Neal, to his house for a visit. Appellant lived with Laverne Bryant and her three minor children. Willie Fay told appellant that Sharon could spend the night at his house. Appellant picked up Sharon on April 7, 1979.

Sharon is a victim of muscular dystrophy and is confined to a wheelchair. When it was time for bed on April 7, appellant took Sharon to an upstairs bedroom. Laverne undressed Sharon and put her in bed. Laverne then joined Sharon in bed. Later that night, while Sharon was in the same bed as Laverne, appellant got into the bed and sexually violated Sharon. Sharon reported the incident in a telephone conversation the next morning with her mother, Willie Fay. Willie Fay took Sharon to the hospital and Laverne reported appellant's conduct to the police.

Appellant was arrested on April 9, 1979. On the day of his arrest, appellant called Sharon's mother, Willie Fay, to tell her he was in jail. In that conversation, Willie Fay told appellant that if he would tell the truth, she would drop the charges. Appellant's written statement was taken by Officer B. J. Hooker on April 10, 1979. Appellant testified that before he signed the statement, Officer Hooker told him that whether he told the truth or not, Willie Fay would not be able to drop the charges.

■ Appellant contends his statement was inadmissible because it was made involuntarily as the result of Willie Fay's promise to drop the charges. We do not agree. The Court of Criminal Appeals has established a four-part test for determining whether a statement such as appellant's was involuntary. Before a statement will be rendered inadmissible under the promise of benefit theory, the promise must: (1) be of some benefit to the defendant; (2) be

positive; (3) be made or sanctioned by a person in authority; and (4) be of such character as would be likely to influence the defendant to speak untruthfully. *Washington v. State,* 582 S.W.2d 122 (Tex.Cr. App.1979); *Fisher v. State,* 379 S.W.2d 900 (Tex.Cr.App.1964). The State contends the promise made by Willie Fay was not made or sanctioned by a person in authority. We agree.

■ The Court of Criminal Appeals has stated that the controlling factor for determining whether a person is in authority is the actual relation between the parties, and perhaps the relation as it actually appeared to the accused. *Fisher v. State, supra.* In the present case, the record affirmatively shows that appellant had been told, prior to signing his statement, that Willie Fay was not in a position to have the charges against him dropped. We have been cited no case, and we have not found one, holding that a person such as Willie Fay is a person in authority. *See Weatherly v. State,* 477 S.W.2d 572 (Tex.Cr.App.1972). In *Carlisle v. State,* 37 Tex.Cr.R. 108, 38 S.W. 991 (Tex.Cr.App.1897) the Court of Criminal Appeals held:

The fact that, before the defendant made confession of her crime to Martha Cotton, Dr. Smith had endeavored to get her to confess to him, and had told her that it would be better for her to confess, that she would be used only as a witness against her mother, would afford no ground for the rejection of her confession made on the next day to Martha Cotton. It was not shown that she was then under the influence of Dr. Smith. In fact, he was not present at the time. The defendant went to Martha Cotton, as it appears, of her own volition, and told her that she desired to make a statement to her as to what she did in reference to poisoning the child. Moreover, Dr. Smith was not an officer, and is not shown to have had any authority over the appellant.

Likewise, in the present case, Willie Fay is not shown to have had any authority over appellant. It was not shown that appellant was under the influence of Willie Fay or

that Willie Fay was in any way connected with the police department or the district attorney's office. Furthermore, regardless of whether Willie Fay actually could have dropped the charges against appellant, he had been told that she could not do so. We conclude that, based on the actual relation between the parties and the relation as it actually appeared to appellant, appellant was not likely to view Willie Fay's promise to drop the charges as authoritative. Therefore, appellant's statement was made voluntarily and the trial court did not err in admitting it into evidence.

■ Additionally, we overrule appellant's grounds of error complaining of the variance in the indictment and the evidence on the authority of *Rooks v. State*, 576 S.W.2d 615 (Tex.Cr.App.1978); and *Hollins v. State*, 571 S.W.2d 873 (Tex.Cr.App.1978). Finally, we hold the evidence is sufficient to support the conviction.

Affirmed.