**Linda Dorma LONG, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–81–757CR.**

Court of Appeals of Texas,
Houston (14th Dist.)

Aug. 4, 1983.

Jim Tatum, Houston, for appellant.

Timothy Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

**J. CURTISS BROWN, Chief Justice.**

Appeal is taken from a conviction for murder.

Linda Dorma Long (Long or appellant) was found by the jury to be guilty of murder in the death of David Eugene Dixon (Dixon or deceased). Punishment was assessed by the trial court at sixteen years imprisonment. In three grounds of error, Long urges she was denied a fair trial as a result of the state's failure to disclose exculpatory evidence, and that the trial court erred in admitting into evidence a tape recording containing incriminating statements made by her and, also, in denying a requested jury instruction on the voluntariness of the incriminating statements contained in the tape recording. We affirm.

Appellant was tried as an accomplice in the murder of her estranged husband, Dixon. In his confession, Keith Pharoah Johnson (Johnson) admitted he killed Dixon so that appellant would be free to marry him. Johnson also stated in his confession that appellant helped plan Dixon's murder and dispose of his body. On March 24, 1981, and in cooperation with the police, Johnson and a Houston police officer (Kincaid) went to appellant's home for the purpose of recording any incriminating statements appellant might make concerning her involvement in Dixon's murder. On arriving at appellant's home, Johnson introduced Kincaid to appellant as "Ron," a "dope dealer" with Mafia connections. Kincaid was "wired" to record the conversation among appellant, Johnson and himself.

At trial, a hearing outside the presence of the jury was held to determine the admissibility of the tape containing incriminating statements made by appellant during the course of the March 24, 1981, conversation among Johnson, appellant and "Ron." At the hearing, appellant testified the incriminating statements contained on the tape were coerced by Johnson, who had allegedly threatened her life and the lives of her parents and child. The trial court denied the motion to suppress the tape.

■ In her first ground of error, appellant contends the trial court erred in admitting the tape recorded conversation of Johnson, appellant and "Ron" into evidence. Specifically, she argues the state failed to show the incriminating statements contained on the tape were made voluntarily.

At the motion to suppress hearing and at trial, Johnson testified that he took appellant aside and told her to "lie" to "Ron" about her involvement in Dixon's murder in order to show "Ron" she was "tough." Appellant testified that during this same period of time, Johnson made what she considered to be a threat to her and her parents and child. The evidence shows that Johnson's allegedly coercive acts took place outside the presence of Kincaid and the recording device. Additionally, Johnson testified he acted "to help incriminate [appellant]." The record, however, is void of any evidence Johnson was acting as an agent of the state *at the time he allegedly threatened appellant* or that his coercive actions were sanctioned by the state. Therefore, whether the incriminating statements contained on the tape were made voluntarily is a matter which goes to the weight and credibility of the evidence, not to its admissibility. *See Dixon v. State,* 624 S.W.2d 373 (Tex.App.—Dallas 1981, no pet.). Appellant's first ground of error is overruled.

■ In her second ground of error, appellant contends the trial court erred in refusing a requested jury instruction regarding the voluntariness of the incriminating statements contained on the tape.

In support of her argument, appellant relies on TEX.CODE CRIM.PROC.ANN. art. 38.22, § 6 (Vernon 1979), which provides, in pertinent part:

> In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions ... Upon the finding by the judge as a matter of law and fact that the statement was voluntarily made, evidence pertaining to such matter may be submitted to the jury and

**86**

it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof....

The procedural safeguards of article 38.22 are applicable only to statements made as a result of state action. The record reflects the statements complained of were induced or coerced by Johnson in order to bring appellant "down" with him. Again, there is no evidence showing that Johnson, at the time of his allegedly coercive acts, was acting as an agent of the state or that such actions were sanctioned by the state. In fact, Johnson testified he acted as he did because he thought appellant had "snitched" on him. We therefore find article 38.22, § 6 inapplicable to the case at bar. Appellant's second ground of error is overruled.

■ In her third ground of error, appellant contends she was denied a fair trial because the state failed to disclose exculpatory evidence in its possession. The allegedly exculpatory evidence was contained in the pre-sentence investigation report (PSI).

The record reflects the state had been ordered to provide appellant's counsel with a copy of that portion of the PSI which contained Johnson's confession. Appellant argues the remainder of the report contained evidence that Johnson gave false information in his confession regarding appellant's involvement in Dixon's murder. The record, however, reflects that appellant's counsel had a copy of the entire PSI for an unspecified period of time. Further, the allegedly exculpatory evidence contained in the PSI was brought out at trial through the testimony of Johnson. Appellant apparently knew of the exculpatory evidence allegedly withheld by the state; therefore, she cannot now be heard to complain of the state's suppression of evidence. *Corley v. State,* 582 S.W.2d 815, 820 (Tex.Cr.App. 1979); *See also Means v. State,* 429 S.W.2d 490, 496 (Tex.Cr.App.1968). Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.