George Andre WEBER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–91–148 CR.

Court of Appeals of Texas, Beaumont.

April 29, 1992.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty. and John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for the State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

A jury convicted George Andre Weber of the lesser included offense of murder, on an indictment for capital murder, and assessed punishment at eighty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant raises seven points of error.

Point of error one contends the trial court erred in conducting a portion of the trial in the absence of appellant. The court recessed after general voir dire, then reconvened to hear excuses from venirepersons

who claimed they could not serve. It appears that appellant was not present when the court commenced:

> THE COURT: I understand that there are some jurors who desire to tender excuses.
>
> Mr. DeLee, would it be convenient that we could talk to them without the presence of the defendant; or do you want him present?
>
> [DEFENSE COUNSEL:] I think we can do it without his presence, Your Honor.

The record does not indicate when appellant entered the courtroom, so we assume he was absent while the trial court heard excuses from nine venirepersons.

■■■ The accused must be personally present at trial. TEX.CODE CRIM.PROC.ANN. art. 33.03 (Vernon 1989). Appellant urges that he has not waived this error by his express acquiescence to it at trial because TEX.CODE CRIM.PROC.ANN. art. 1.14(a) (Vernon Supp.1992) prevents waiver of the right to trial by jury in a capital case. The right to be present at trial is actually an expression of the right to confrontation. U.S. CONST. amend. VI; TEX.CONST. art. I, § 10. Regardless, the Texas Court of Criminal Appeals has pronounced: "Under Article 33.03 ... an accused's right to be present at his trial is unwaivable until such a time as the jury 'has been selected.'" *Miller v. State*, 692 S.W.2d 88, 91 (Tex. Crim.App.1985). This statement is arguably dicta, but the court of criminal appeals has long held that to be effective, the waiver must be made personally by the accused, so that a waiver by an attorney is insufficient. *Shipp v. State*, 11 Tex.Ct.App. 46, 49 (1881). We conclude that error was not waived and may be addressed.

■■■ It is undisputed that the trial court conducted a part of the trial outside the personal presence of appellant. Since part of the trial was conducted prior to the jury being selected, and appellant's absence was not personally voluntary, the sole exception to article 33.03 is inapplicable. We conclude that the trial court committed error in hearing the venirepersons' excuses while appellant was absent from the courtroom.

■■■ The harmless error doctrine is applicable to confrontation clause rights. *McMahon v. State*, 582 S.W.2d 786, 793 (Tex.Crim.App.1978), *cert. denied*, 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 175 (1979). In cases of error under article 33.03, the court must determine whether the presence of appellant bears a reasonably substantial relationship to the opportunity to defend. *Cooper v. State*, 631 S.W.2d 508, 512 (Tex. Crim.App.1982); *Mares v. State*, 571 S.W.2d 303, 307 (Tex.Crim.App.1978). The trial court heard eleven venirepersons. Seven merely informed the trial court of previously scheduled commitments so that the court could schedule their individual voir dire around those obligations. One did not actually present an excuse and was told that his questions would be addressed during individual voir dire. Two presented the statutory excuse that they were caretakers of young children. Defense counsel asked no questions and the excuses presented by these two venirepersons were absolute grounds for excuse from jury service. As to these ten venirepersons, nothing occurred which could affect appellant. Had appellant been present, there is no contribution he could have made to the proceedings.

The final venireperson told the court that jury service for a lengthy trial might create a dire hardship for his employer. Defense counsel stated "I have no objection to him being excused, Your Honor. I think that he would probably be concerned about his work while he'd be sitting on the jury. It may well—sitting on the jury may well keep him from being effective as a juror if he is called, and there are a lot of witnesses." The juror was then excused by the court, over the objection of the State. We find no injury to appellant where the action taken in his absence inured to his benefit. *Wesley v. State*, 749 S.W.2d 933, 935 (Tex. App.—Texarkana 1988, no pet.).

The state has shown that there is no injury to appellant from his brief absence, nor are there any facts from which injury could be inferred. Reversal is not proper where, as here, beyond a reasonable doubt

the error made no contribution to the conviction or the punishment of appellant. Tex.R.App.P. 81(b)(2). Point of error one is overruled.

■ Point of error two urges the trial court erred in failing to conduct a hearing on the voluntariness of prior testimony of appellant. Point of error three challenges the admissibility of the prior testimony of appellant, on the grounds that it was involuntary. Appellant testified as a defense witness at the trial of his co-defendant. This testimony was admitted in this trial. Appellant filed a motion to determine the voluntariness of the prior testimony by hearing outside the presence of the jury, and to exclude the state's use of the testimony. The trial court retired the jury to hear the motion, which the court denied.

Appellant claimed that the testimony was coerced by the co-defendant, Kevin Zimmerman. Appellant never claimed that the testimony resulted from any official coercion or inducement. The State was adversary to Mr. Zimmerman, so any such coercion was obviously not the result of any state action and is therefore distinguishable from *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Since the alleged coercion was by a person not acting as an agent for the state, the voluntariness of the statement goes to its weight and not to its admissibility. *Long v. State*, 659 S.W.2d 84, 86 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). Points of error two and three are overruled.

■ Point of error four urges the trial court erred in admitting evidence of extraneous offenses in the guilt phase of the trial. Appellant's testimony from Zimmerman's trial included cross-examination on appellant's prior burglary convictions. The testimony, State's Exhibit One, was admitted into evidence in its entirety without a defense objection to the extraneous offenses. A general objection to evidence, a part of which is admissible, is not sufficient to preserve error for review. *Wintters v. State*, 616 S.W.2d 197, 202 (Tex.Crim.App.1981), *Taylor v. State*, 498 S.W.2d 346, 348 (Tex.Crim.App.1973). The extraneous offense objection was made af-ter the evidence was admitted, and thus was not timely made. In addition, the objection when made was limited to its extraneous nature, Tex.R.Crim.Evid. 404(b). When the trial court overruled the objection, counsel for appellant did not object that the probative value of the evidence was outweighed by unfair prejudice, Tex.R.Crim.Evid. 403, so that had the objection been timely made, it would not preserve error. *Montgomery v. State*, 810 S.W.2d 372, 388 (Tex.Crim.App.1991) (opinion on rehearing). *See also Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App.1991). Point of error four is overruled.

■ Point of error five asserted appellant was convicted upon the perjured testimony of Kay Gonzales. Kay Gonzales was a co-defendant who had pleaded guilty to a robbery charge arising from the same facts as the case at bar. The perjury claim is based upon her trial testimony that she reviewed her testimony in the Zimmerman trial before testifying in this trial, and her statement when asked if she committed the robbery to which she pleaded guilty, "I didn't commit the robbery. I was there." Appellant contends that her testimony was perjured because she denied committing the robbery, and because she had previously confessed to the very offense she denied at appellant's trial. The assertion is without merit. The record reflects that on further examination she stated "I pled guilty to a second degree robbery. I was there. I didn't try to stop it. I didn't try to prevent it." Although she minimized her participation in the crime, her testimony was not inconsistent with her guilt as a party. Appellant's claim that the testimony was perjured is not supported by the record. Point of error five is overruled.

■ Point of error six avers the state elicited impermissible testimony concerning the reputation of the deceased. Appellant did not object to the evidence at trial and thus waived error. Tex.R.App.P. 52; Tex.R.Crim.Evid. 103(a)(1). Appellant argues "the prohibition of such conduct by the prosecutor is so fundamental that the introduction of same is so fundamental that the introduction by the State constitutes egre-

gious error even in the absence of an objection by appellant." This contention is without merit. Error in the admission of the deceased's general reputation is waived by failure to object. *Vela v. State*, 516 S.W.2d 176 (Tex.Crim.App.1974). Point of error six is overruled.

Point of error seven urges the trial court erred in failing to instruct the jury on the lesser included offense of aggravated assault. We determine from a review of the record that there is no evidence that if appellant was guilty, he was guilty only of aggravated assault. State's Exhibit One contained appellant's admission that he inflicted the injury upon the deceased, but in self defense or defense of a third party. Kay Gonzales testified that after Zimmerman initiated the attack, appellant joined Zimmerman in stabbing and cutting the victim, and that Zimmerman held a pillow over the victim's face while appellant stabbed the victim to death. There is simply no evidence in the record from which the jury might have inferred that appellant intended to assault the victim but lacked the specific intend to kill. Point of error seven is overruled and the judgment of the trial court affirmed.

AFFIRMED.