Eldridge D. STEWART, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–92–202 CR.

Court of Appeals of Texas, Beaumont.

May 26, 1993.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Dist. Atty., Rodney D. Conerly, Asst. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

Appellant was indicted by a Jefferson County Grand Jury for the offense of Possession of a Controlled Substance on February 12, 1992. The indictment additionally alleged two prior convictions in order to enhance the punishment for that of a Habitual Felon. On September 17, 1992, a jury trial was held. At the conclusion of the evidence and argument of counsel, the jury found appellant guilty of the offense of Possession of a Controlled Substance. The jury further found that both enhancement paragraphs of the indictment were true and assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of thirty-five years. It is from this judgment and conviction that appellant has perfected his appeal to this Court setting forth six points of error.

Factually, the State called two police officers, who testified that they arrested appellant for possession of a "crackpipe" after one of the officers observed him throw the object during a drug sweep. The State also called a lab technician who testified that the alleged controlled substance was cocaine. Appellant called a fact witness, a female companion, who disputed the testimony of the arresting officers concerning whether or not appellant possessed the "crackpipe."

■ Appellant's point of error one contends that the trial court erred in overruling appellant's objection to the designation of the trial court as the "Drug Impact Court." Appellant contends that this designation of the very court in which appellant was tried denied him a fair trial. Counsel for appellant objected to this prominently displayed sign in the hallway where all jurors must directly look before entering the courtroom. Appellant contends that the designation of the court as the "Drug Impact Court" is a comment on the weight of the evidence. More specifically appellant contends that the court's designation is tantamount to instructing the jury that appellant is a drug dealer. The trial court overruled appellant's objection.

On January 13, 1993 this Court filed its opinion in *Rogers v. State*, 846 S.W.2d 883 (Tex.App.—Beaumont 1993, no pet). In *Rogers*, appellant's point of error one was very similar to our present appellant's point of error one. In *Rogers*, we declined to rule that the sign was not prejudicial as a matter of law. We did determine that *Rogers* had failed to show in the record where his right to an impartial jury had been violated. We believe it incumbent upon appellant to make a clear showing from the record that his right to an impartial jury has been somehow overcome, hindered or adversely affected by the trial court's designation as "Drug Impact Court." We shall not presume harm to appellant. Point of error one is overruled.

We now consider appellant's points of error two, three, and four together, in that these three points of error relate to the enhancement paragraph of the indictment.

The complained of portion of the indictment reads as follows:

" . . .

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said Court, at said term, that before the commission of the primary offense, and after the conviction in Cause No. 32324 became final, the Defendant committed of the felony of Burglary of a Building on March 7, 1983, in Cause No. 42043, in the 252nd District Court of Jefferson County, Texas,

. . . "

Appellant points out that the proof offered consisted of "Pen packet," State's Exhibit No. 6, which indicated that appellant committed a burglary of a building on July 4, 1982, and not on March 7, 1983, as alleged in the indictment. Prior to trial, the State moved the trial court to amend the indictment to allege that appellant was finally convicted of such felony on March 7, 1983, and not that appellant had committed said offense on that date. The trial court entered an order to that effect. As a part of this order, the clerk was ordered to make an amendment on the face of the indictment. A review of the record indi-

cates that the face of the indictment was never so amended. Appellant positions that the failure of the clerk to make such change resulted in a trial on a defective indictment. Appellant moved to quash the indictment, said motion being denied by the trial court.

Appellant relies on *Montoya v. State,* 841 S.W.2d 419 (Tex.App.—Dallas 1992, no pet. h.), wherein the complainant was erroneously designated as "Lora" rather than "Lisa" in the indictment. The Court in *Montoya,* entered an order changing the name, but did not physically alter the face of the indictment. The Dallas Court points out that the mere granting of a motion to amend is not an actual amendment, but rather an appropriate vehicle by which to indicate the amending process. The Dallas Court reversed the trial court holding that it was reversible error for the trial court not to physically correct the indictment. Appellant further relies on *Ward v. State,* 829 S.W.2d 787 (Tex.Crim.App.1992) as a clear message that the State shall not maintain a conviction where it has not matched its proof to the indictment under which it charged the defendant. *See* Tex. Code Crim.Proc.Ann. art. 28.10 (Vernon 1989). We note that in both *Montoya* and *Ward,* the complainant's name was wrong in the indictment. A complainant's name is an element of the original offense.

Our case deals with a clerical error in the enhancement paragraph of the indictment relating to the date of a prior conviction. *Cole v. State,* 611 S.W.2d 79 (Tex.Crim. App.1981) held, "It is well settled that it is not necessary to allege prior convictions for the purpose of the enhancement of punishment with the same particularity as must be used in charging the original offense."

The question this Court must answer is whether or not appellant had notice of what the State intended to prove as a prior conviction for enhancement purposes. To sustain appellant's points of error two, three, and four, it must be shown that the enhancement paragraph lacked the requisite item of notice to appellant and that such deficiency impacted on appellant's ability to prepare his defense.

In the punishment phase, the State's prosecutor read the questioned paragraph as follows: "... and the Grand Jurors aforesaid, upon their oaths aforesaid, do further present in and to said court, at said term, that before the commission of the primary offense, and after the conviction in Cause No. 32324 became final, the defendant committed the felony of burglary of a building and was finally convicted of such a felony on March 7, 1983, in Cause No. 42043, in the 252nd District Court of Jefferson County, Texas." ... To this allegation the appellant pleaded true. The State then tendered into evidence Pen packets, Exhibits 5 and 6, which were admitted without objection by the appellant. Appellant now claims that there is a variance between the allegations and the proof. A variance between the allegation and proof is material and fatal only if same would mislead a defendant to his prejudice. *Hall v. State,* 619 S.W.2d 156 (Tex.Crim. App.1980); *Zimmerlee v. State,* 777 S.W.2d 791 (Tex.App.—Beaumont 1989, no pet.). A defendant's plea of true to an enhancement paragraph of an indictment is a waiver of any subsequent complaint that defendant was injured by the admission of prior conviction evidence. *Sylvester v. State,* 615 S.W.2d 734 (Tex.Crim.App.1981).

We find no prejudice to appellant by the trial court's overruling appellant's motion to quash. The appellant had adequate notice of what he was charged with. The two Pen packets were admitted into evidence without objection after a finding of guilt to which appellant pleaded true. We believe this sufficient evidence to establish appellant as a Habitual Felon. The variance, if any, in the enhancement paragraph between the allegata and probata was neither material, fatal, nor prejudicial to appellant. Appellant's points of error two, three, and four are overruled.

Appellant's fifth point of error contends that the trial court committed error in conducting a portion of the trial in the absence of appellant. For reasons which will become obvious, the record before us is not

entirely clear as to exactly what occurred at the close of the voir dire phase of the trial as the parties exercised their respective strikes. In examining the statement of facts, it is not until we reached the end of testimony on the first day of trial, and the jury had been excused from the courtroom, that the following took place:

MR. LAINE (for appellant): Your Honor, this just dawned on me; and I don't know how to preserve this. But I would like to state in the record that this was the first time—I was caught a little off guard—this was the first time we've ever selected the jury panel and did our strikes in front of them. Normally we're used to the jury being dismissed and then recalled after that. So, therefore, it did not dawn on me that the Court would be talking to the jury, the entire jury panel, the entire time that the defendant and the defense counsel were outside the presence of the Court. Therefore, I don't know if anything was said that I would have objected to had I been present. So, I don't know how to put that other than the fact that possibly later the court reporter could read to me ...

THE COURT: Except the court reporter didn't write it down.

MR. LAINE: In that case, I would ask for a mistrial to be declared.

THE COURT: That'll be denied because I said I was going to talk to the jury, give them the historical history of jury trials and traced it through three plays in Roman and Alexander the Great and Magna Carta and Robin Hood and Andrew Jackson and several other people.

MR. LAINE: Thank you, Your Honor.

While not entirely clear to us from the exchange set out above, both parties nevertheless agree that the trial court addressed the jury panel in the absence of appellant and his counsel, and that no record was made of said address to the jury. In our recent case of *Weber v. State*, 829 S.W.2d 394, 396 (Tex.App.—Beaumont 1992, no pet.), we held that under TEX.CODE CRIM. PROC.ANN. art. 33.03 (Vernon 1989), an accused's right to be present at his trial is an unwaivable right until such time as a jury "has been selected." *See also, Miller v. State*, 692 S.W.2d 88, 91 (Tex.Crim.App. 1985). While we initially found error to have occurred in *Weber* because the record reflected that the accused had not been personally present while venirepersons were giving their excuses to the trial court, we found beyond a reasonable doubt that the error made no contribution to conviction or punishment because appellant's absence bore no reasonably substantial relationship to the opportunity to defend. *Id.*

In the instant case, a determination that trial error occurred, much less the conducting of a harm analysis, cannot take place because appellant has provided us nothing with which to review. TEX.R.APP.P. 30(a) involves new trials in criminal cases and provides in pertinent part: "Except to adduce facts of a matter not otherwise shown on the record, a motion for new trial is not a requisite to presenting a point of error on appeal." This Court is repeatedly presented with alleged trial error ranging from newly discovered evidence to ineffective assistance of counsel. Yet, in a growing number of these instances, the appellant makes no attempt to provide an evidentiary basis for the error claimed. In the instant case, for example, appellant possessed an unwaivable right to be present during the jury selection phase of the trial. The naked record before us does not indicate that anything having to do with jury selection was occurring between the trial judge and the venire. Both parties were apparently elsewhere making their respective jury strikes. Without more, can we find trial error? Even if we were to concede that trial error occurred, we would still need some evidence of the adverse effect this trial error had on appellant during the guilt/innocence or punishment phases of the trial. While we fully realize that the proceedings that took place out of appellant's presence apparently were not recorded by the court reporter, sworn testimony from individuals on the venire in question as well as testimony from the trial judge could have been elicited in a motion for new trial hearing in order to provide some

evidentiary basis for a proper harm analysis by this Court.

 In the instant case, appellant had the burden, as the party seeking review of the error, to see that a sufficient record was presented to this Court in order to show the error required reversal. TEX. R.APP.P. 50(d). In fact, in all criminal cases, the accused is provided with the post-conviction remedy of filing with the trial court a motion for a new trial. *See* TEX.R.APP.P. 31. When a timely motion for new trial is filed with the trial court and said motion is supported by affidavits raising matters extrinsic to the trial record, the trial court abuses its discretion by denying the movant a hearing on the motion. *McIntire v. State*, 698 S.W.2d 652, 656–661 (Tex.Crim.App.1985); *Vera v. State*, 836 S.W.2d 344, 347 (Tex.App.—Amarillo 1992, no pet.). Thus, case law provides an appellant what appears to amount to an absolute right to a hearing on his motion for new trial in order to fully establish and develop "matters extrinsic to the trial record."

 As alluded to earlier, in order to prevail on a complaint of proceedings conducted outside his presence, an appellant has the burden of making an actual showing of injury, or facts from which injury might reasonably be inferred. *Cooper v. State*, 631 S.W.2d 508, 511–512 (Tex.Crim. App.1982); *Mares v. State*, 571 S.W.2d 303, 307 (Tex.Crim.App.1978); *Urbano v. State*, 760 S.W.2d 33, 37 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). In the instant case, the transcript reflects no post-conviction filing of a motion for new trial and, consequently, no evidentiary basis from which a finding of trial error or, conceding error, a determination that the error made no contribution to appellant's conviction or punishment beyond a reasonable doubt. Therefore, we hold that based upon the language cited above from Rule 30 and the fact that appellant bears the burden of providing evidence of injury and thus possible trial error entitling him to a Rule 81(b)(2) analysis, appellant has waived this point of error as he has failed to file and fully prosecute a motion for new trial so as to "see that a sufficient record is presented to show error requiring reversal." TEX. R.APP.P. 50(d). Point of error five is overruled.

Appellant's sixth point of error complains that appellant has been deprived of a complete record on appeal. This complaint is based upon the failure of the court reporter to record the trial court's "history lesson" as described in our discussion of point of error five. Appellant relies on *Dunn v. State*, 733 S.W.2d 212, 216 (Tex.Crim.App. 1987), for the proposition that the denial of a transcript of part of such proceedings is reversible error. *Dunn* was relied upon by the Court of Criminal Appeals in the more recent case of *Perez v. State*, 824 S.W.2d 565, 567 (Tex.Crim.App.1992). In *Perez*, the Court essentially held that an accused was entitled to a new trial on the ground that the court reporter's tapes and notes had been lost, and thus, the statement of facts could not be completed despite due diligence by the accused, relying on former TEX.CODE CRIM.PROC.ANN. art. 40.09 (repealed 1986).[1]

 An analysis of extant case law reveals that the Court of Criminal Appeals has not taken the position of *automatic reversal* when part of a statement of facts is missing from an appellate record. *See Gibbs v. State*, 819 S.W.2d 821, 827–828 (Tex.Crim.App.1991); and *Harris v. State*, 790 S.W.2d 568, 575–576 (Tex.Crim.App. 1989). The appellant has the burden to establish that he has been deprived of his statement of facts. *Timmons v. State*, 586 S.W.2d 509, 512 (Tex.Crim.App.1979); TEX. R.APP.P. 50(d) & (e).[2] *See also, Dunn*,

---

1. *See now*, TEX.R.APP.P. 50.

2. Rule 50 states, in pertinent part:
 (d) The burden is on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal.
 . . . .

(e) When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without ap-

*supra* 733 S.W.2d at 215. The general rule set out in *Perez* and *Dunn* has been applied when all or only a portion of the statement of facts has been omitted. *See Austell v. State*, 638 S.W.2d 888, 890 (Tex. Crim.App.1982).

In the instant case, the pertinent portion of appellant's written "DESIGNATION OF RECORD," which is contained in the transcript before us, provides the following request "TO THE HONORABLE JUDGE OF SAID COURT:.... 14. Complete transcription of court reporter's notes of all proceedings in this cause." Other· than this rather unremarkable post-conviction request, the record before us is completely silent as to post-conviction objections to the record on behalf of appellant, or requests by appellant to the court reporter to "officially" explain the absent proceedings.

■■■ If there is a "common thread" to the various cases that have discussed the issue of a missing or omitted portion of the statement of facts it seems to be the necessity for appellant to satisfy several post-conviction procedural burdens. The latest Court of Criminal Appeals' case to analyze this issue is *Culton v. State*, 852 S.W.2d 512 (Tex.Crim.App.1993). In *Culton*, the defendant had pleaded no contest in the 176th District Court of Harris County on February 23, 1987, and received deferred probation. On April 3, 1990, the State filed a motion to adjudicate guilt in the 176th District Court. The case was subsequently transferred to the 248th District Court of Harris County. On July 10, 1990, the defendant was adjudicated guilty and sentenced to imprisonment for twelve years.

The defendant timely filed his notice of appeal in the 248th District Court, and the trial judge ordered the court reporter of the 248th District Court to prepare a state-

ment of facts in said cause. However, since the underlying "no contest" plea proceeding occurred in the 176th District Court, said plea proceeding from that court was omitted from the record filed by the court reporter of the 248th District Court. The opinion notes that based upon non-evidentiary information not properly part of the record on appeal the notes and records of the 1987 plea proceeding were apparently lost. The Houston Court of Appeals, First District, reversed the defendant's conviction and remanded the case for a new trial finding that appellant had been denied of a statement of facts through no fault of his own.[3]

The Court of Criminal Appeals reversed the Houston Court of Appeals and reinstated the defendant's conviction. The Court of Criminal Appeals stated that:

> In order to prevail under Rule 50(e), an appellant must show (1) that he made a timely request for a statement of facts and (2) that the court reporter's notes and records have been lost or destroyed without appellant's fault. Under Rule 53(a), a "timely request" is a request made in writing to the official court reporter on or at the time prescribed for perfecting the appeal.[4]

*Id.* at 514. In the instant case, we have no "timely request" as the written designation of record was filed with the district clerk and addressed the trial court.

Additionally, the Court, citing *Dunn*, *supra*, noted that it has historically required appellants to show *due diligence* in attempting to secure a complete statement of facts. *Id.* While the Court in *Culton* found the defendant had made a "timely request," it found the defendant had not exercised due diligence in his attempt to obtain the missing portion of the record.

---

pellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

**3.** *See Culton v. State*, 818 S.W.2d 839, 841 (Tex. App.—Houston [1st Dist.] 1991).

**4.** Rule 53(a) states:
The appellant, at or before the time prescribed for perfecting the appeal, shall make a written request to the official reporter desig-

nating the portion of the evidence and other proceedings to be included therein. A copy of such request shall be filed with the clerk of the trial court and another copy served on the appellee. Failure to timely request the statement of facts under this paragraph shall not prevent the filing of a statement of facts or a supplemental statement of facts within the time prescribed by Rule 54(a).

The Court observed that the defendant, at some point during the pendency of the appeal, learned that the 1987 plea proceeding occurred in a different court. The defendant apparently did nothing in the way of attempting to obtain a record of the 1987 proceeding. The Court then analyzed the due diligence burden of the defendant as follows:

> Doing nothing, once appellant is aware or should be aware of the involvement of a different court, does not meet the requirements for presenting a sufficient record under Rule 50(d) or showing due diligence under *Dunn.* Once counsel determines that the record submitted to the court of appeals is incomplete, the proper procedure is to (a) obtain the missing portion of the record and file a motion to supplement the record, or (b) obtain an affidavit from the court reporter explaining the absence of the missing portion of the record and file a motion to supplement the record supported by affidavit(s), thereby demonstrating due diligence. See Tex.R.App.Proc. 55.

*Id.* at 515.

Whether the portion of the testimony at trial is lost, as was the case in *Culton,* or is simply not recorded, as apparently occurred in the instant case, the Court in *Culton* appears to be placing a strict procedural burden on an appellant who is otherwise relying on the "new trial" relief provided in Rule 50(e). The Court in *Culton* noted:

> In the instant case, we find nothing properly in the appellate record (1) showing that the court reporter of the 176th District Court was contacted or (2) explaining that the statement of facts is missing because the notes and records were lost or destroyed through no fault of appellant. (footnote omitted)

In the instant case, we can echo the findings of the Court in *Culton* in that the record before us makes no showing that the court reporter of the Criminal District Court was ever contacted nor do we have an affidavit from said court reporter explaining the absence of the missing portion. As appellant has failed to satisfy these requirements, we overrule his sixth point of error and affirm the judgment and sentence of the trial court.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent to the majority's disposition of points of error five and six. It is uncontradicted the trial judge made some comments to the jury panel while the defendant and his attorney were out of the courtroom. It is also uncontradicted those remarks were not taken down by the court reporter and consequently could not be included in the record. The majority acknowledges both of these facts.

Under point of error five the majority recognizes both our holding in *Weber v. State,* 829 S.W.2d 394 (Tex.App.—Beaumont 1992, no pet.), and that of *Miller v. State,* 692 S.W.2d 88, 91 (Tex.Crim.App. 1985), which tells us that "Under Article 33.03 ... an accused's right to be present at his trial is unwaivable until such a time as the jury 'has been selected'." Here there is no record from which to conduct such an analysis. Therefore, I would hold that when the trial judge decided to address the jury panel instead of recessing, that address was a portion of the trial and appellant had a right to be present. To take any other position opens "Pandora's Box". It may be overly simplistic, but trial judges should adopt and follow this rule: Do not address the jury panel unless the defendant is present and, if you do, have the court reporter take it down.

Point of error six complains that appellant has been denied a complete record on appeal. Appellant specially requested all testimony, voir dire and argument be recorded and taken down.[1] I would hold the judge's remarks were a part of the voir dire and thus were required to be taken

---

1. This is not an absolute requirement. It is not necessary that a formal request be made for a court reporter to take notes, if the reporter is already there and taking notes. *Lewis v. State,* 844 S.W.2d 750, 752 (Tex.Crim.App.1993).

down by the court reporter.[2] The failure to provide a complete statement of facts for purposes of appeal is not subject to a harmless error analysis. *Perez v. State*, 824 S.W.2d 565 (Tex.Crim.App.1992), *accord: Dunn v. State*, 733 S.W.2d 212 (Tex.Crim.App.1987) and *Bond v. State*, 694 S.W.2d 622 (Tex.App.—Beaumont 1985, pet. ref'd). Consequently, a reversal is mandated. Remarkably, the majority finds support in *Culton v. State*, 852 S.W.2d 512 (Tex.Crim.App.1993). Under this authority they require appellant to furnish an affidavit from the court reporter in spite of the fact the trial judge stated, *in open court and on the record*, that his "history lesson" had not been taken down by the reporter. It has often been stated that the law does not require the doing of a useless act, yet the majority does. I would not. I would sustain both points of error and reverse and remand for a new trial. Because I am in the minority, I respectfully dissent.

---

**2.** There are cases that deal with when voir dire begins, e.g. *Turner v. State*, 828 S.W.2d 173 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd), *cert. denied*, —— U.S. ——, 113 S.Ct. 1865, 123 L.Ed.2d 485 (1993) and *Williams v. State*, 719 S.W.2d 573 (Tex.Crim.App.1986), but none that deal with when voir dire ends.