In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00151-CR


______________________________




MICHAEL WAYNE CRAIG, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Franklin County, Texas


Trial Court No. 7434




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Carter



O P I N I O N



 Michael Wayne Craig was convicted by a jury of felony driving while intoxicated (DWI) on
the June 2, 2001, with two prior felonies alleged for enhancements. The jury found he had been
twice convicted and assessed punishment at life imprisonment. Craig appeals his conviction,
alleging that the trial court erred in amending the indictment and by overruling the defense's motion
for a directed verdict, and that he received ineffective assistance of counsel.

Facts

 At 1:20 a.m. on June 2, 2001, Officer Jason Pierce of the Mount Vernon Police Department
noticed a pickup truck driven by Craig. The vehicle stopped in the middle of the street and waited
about a minute and a half or two minutes. Pierce approached the vehicle and saw two cases of beer
in the bed of the truck. He noticed a beer can between the driver's legs, a strong odor of alcoholic
beverage, the driver's eyes were bloodshot and glassy, and his speech was slurred. When asked if
he had been drinking, Craig responded, "[Y]es, sir, all night." There were three other passengers in
the vehicle who stated they had also been drinking. Pierce asked Craig to perform field sobriety
tests. Craig refused to conduct the tests and cursed the officer. Pierce then arrested Craig. Craig
subsequently refused to take a breath test. He was charged with felony DWI with enhancements. The
State used a prior 1985 misdemeanor DWI conviction and a prior 1999 misdemeanor DWI
conviction to enhance the DWI to a felony under Section 49.09. See Tex. Pen. Code Ann. § 49.09
(Vernon 2003). A prior 1995 felony DWI and a prior 1989 involuntary manslaughter enhanced the
sentence of the current felony DWI under Section 12.42(d) to a possible sentence of twenty-five
years to life. (1) See Tex. Pen. Code Ann. § 12.42(d) (Vernon 2003). 

 On February 19, 2002, after the jury was selected and sworn but two days before the trial on
the merits began, the court considered pretrial motions. Craig had filed a motion to exclude certain
judgments for enhancement purposes. Specifically, the motion stated that the allegation Craig was
convicted in cause number 08250 in the County Court of Titus County of driving while intoxicated
was erroneous. Craig further alleged that this flaw in the indictment was fatal and that paragraph
should be excluded. At that time, the State filed a motion to amend the indictment to change the
county in which Craig was convicted in cause number 08250 from Titus to Franklin. The
amendment concerned a jurisdictional paragraph authorized by Section 49.09 of the Texas Penal
Code to enhance the DWI to a felony. The court acknowledged that Craig had filed a pleading to
exclude said allegation because it contained Titus County as the county of conviction instead of
Franklin County in the indictment and stated that, "if you had notice of it the Court's going to
overrule your objection." The court granted the motion and amended the indictment.

Issues

 1. Did the court err in authorizing an amendment to the indictment and refusing Craig's
request for a ten-day delay?

 2. Did the court err in overruling Craig's motion for directed verdict?

 3. Did Craig's attorney provide ineffective legal assistance?

 On February 19, 2002, the State moved to amend the indictment to change the name of the
county from which one of the prior indictments originated, Titus County, to Franklin County. At
this point the jury had been selected and sworn. All other parts of the indictment, including the date,
cause number, and the offense were identical. The trial court changed the indictment by interlining
Franklin and crossing out Titus. Craig requested an additional ten days due to the amendment, which
the court overruled. The trial began on February 21, 2002.

 Article I, Section 10 of the Texas Constitution guarantees to an accused the right to be
informed of the nature and cause of the accusation against him or her by a charging instrument. Tex.
Const. art. I, § 10; Voelkel v. State, 501 S.W.2d 313, 314-15 (Tex. Crim. App. 1973). Article 28.10
of the Texas Code of Criminal Procedure provides: 

 (a) After notice to the defendant, a matter of form or substance in an
indictment or information may be amended at any time before the date the trial on the
merits commences. On the request of the defendant, the court shall allow the
defendant not less than 10 days, or a shorter period if requested by the defendant, to
respond to the amended indictment or information.


 (b) A matter of form or substance in an indictment or information may also
be amended after the trial on the merits commences if the defendant does not object
. . . .

Tex. Code Crim. Proc. Ann. art. 28.10 (Vernon 1989). Article 28.10 can be summarized as
requiring ten days' notice for amendments before trial and prohibiting any amendments over
objections which occur after the trial commences. The issue before us is whether the trial court
violated Article 28.10 in amending the indictment on the nineteenth and, if so, whether the error
requires reversal.

 The State contends the trial court did not violate Article 28.10 because the article did not
apply to the amendment in question. The State proposes two theories for its contention that
Article 28.10 does not apply. First, it argues that the paragraph in question was not required to be
included in the indictment and, thus, Article 28.10 does not apply. Second, the State argues that
Article 28.10 does not apply because the alteration was simply a "ministerial act" and no "matter of
substance" was changed. 

 The State contends Article 28.10 does not apply because the amended paragraph was an
enhancement paragraph, which is not required to be alleged in the indictment. The State claims it
included the paragraph in the indictment only for the purpose of giving notice to the defendant. 
Typically, enhancement allegations need not be included in an indictment. Enhancements under
Section 12.42 of the Texas Penal Code do not need to be included in the indictment. Tex. Pen.
Code Ann. § 12.42 (Vernon 2003); Brooks v. State, 957 S.W.2d 30, 33-34 (Tex. Crim. App. 1997). 
A defendant is entitled to notice of prior convictions to be used for enhancement under
Section 12.42. Brooks, 957 S.W.2d at 33-34. The amended paragraph, however, involves an
enhancement under Section 49.09 of the Texas Penal Code, which is used to increase the charge to
a third-degree felony. Prior convictions used under Section 49.09 must be alleged in the indictment
and proven at the guilt/innocence stage of the trial. Weaver v. State, 87 S.W.3d 557, 560 (Tex. Crim.
App. 2002); see Gibson v. State, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). These prior
convictions, referred to as "jurisdictional paragraphs," are necessary for the offense of felony DWI
under Section 49.09 of the Texas Penal Code and, thus, unlike enhancements under Section 12.42,
must be alleged in the indictment. 

 In the alternative, the State argues Article 28.10 does not apply because the alteration was
simply a "ministerial act" and no "matter of substance" was changed. In support of this contention,
it cites a case where the correction of a mistake in a name was deemed a "ministerial act," rather than
an amendment under Article 28.10. See Wynn v. State, 864 S.W.2d 539, 540 (Tex. Crim. App.
1993). We do not believe this case controls because the correction of a name in an indictment is
governed by Article 26.08 of the Texas Code of Criminal Procedure rather than Article 28.10. 
However, not all changes to an indictment are considered amendments for the purposes of
Article 28.10. An "amendment" is an alteration of the indictment which affects the substance of the
indictment. Bates v. State, 15 S.W.3d 155, 161 (Tex. App.-Texarkana 2000, pet. ref'd). An
alteration which does not affect the substance of an indictment is an "abandonment." Id. 

 Eastep recognized three situations in which altering the charging instrument
constitutes an abandonment, rather than an amendment: 1) abandonment of one or
more of the alternative means by which an offense may be committed; 2)
abandonment of an allegation if the effect is to reduce the prosecution to a lesser
included offense; and 3) abandonment of surplusage. (2) 


Abandonments do not invoke the requirements of Article 28.10. Id. However, changing the name
of the county where the 1999 DWI conviction occurred does not fall under one of the Eastep
abandonment exceptions. Thus, the change is an amendment and is subject to Article 28.10.

Was Article 28.10 violated?

 According to Article 28.10, an amendment cannot be made over the objection of counsel
once the trial has commenced. The trial commences for the purposes of Article 28.10 when 
jeopardy attaches. Westfall v. State, 970 S.W.2d 590, 592-93 (Tex. App.-Waco 1998, pet. ref'd);
Hinojosa v. State, 875 S.W.2d 339, 342 (Tex. App.-Corpus Christi 1994, no pet.). Jeopardy attaches
when the jury has been impaneled and sworn. Westfall, 970 S.W.2d at 592; Hinojosa, 875 S.W.2d
at 342. Immediately before the consideration of the pretrial amendments, the jury had already been
selected, seated, sworn, admonished, and released for the day. At this point, jeopardy had already
attached and, thus, for the purposes of Article 28.10, trial had begun. No amendment should have
been allowed over Craig's objection. (3) The trial court erred in allowing the State to amend the name
of the county.

Does the court perform a harmless error analysis?

 Craig argues that harm analysis is inappropriate for a violation of Article 28.10 and cites
Sodipo v. State, 815 S.W.2d 551, 555 (Tex. Crim. App. 1990) (op. on reh'g). The State responds that
the error is subject to harm analysis. The question is whether Sodipo reflects the current law in
Texas.

 In Sodipo, the State moved to amend the indictment before jury selection as to the cause
number in the enhancement paragraph. The defendant objected and requested ten days per
Article 28.10(a). The Texas Court of Criminal Appeals on rehearing stated that an amendment made
after trial has commenced is governed by subsection (b) of Article 28.10. The court held that the
defendant was not entitled under subsection (a) to the ten-day continuance because the timing of the
amendment did not fall within the parameters of subsection (a). However, the court further found
that the State was not permitted to amend the indictment on the date of trial before trial on the merits
commenced.  Id. at 556. Further, the court concluded that Article 28.10 is clear that the State should
not be permitted to amend a charging instrument on the day of trial before commencing trial on the
merits over the defendant's objection and that the violation should not be subject to a harm analysis. 
The court reversed, explaining that absolute provisions such as those found in Article 28.10 cannot
be subject to a harmless error analysis in a meaningful manner. 

 The Texas Court of Criminal Appeals has not overruled Sodipo in the specific context of
Article 28.10. However, we believe harm analysis is appropriate for Article 28.10. In Matchett, the
Texas Court of Criminal Appeals ruled that cases involving statutes with absolute requirements,
specifically Article 26.13 concerning admonishments, should be examined with a "case by case
determination of whether in fact a meaningful harm analysis is possible." Matchett v. State, 941
S.W.2d 922, 928 (Tex. Crim. App. 1996), superceded by Rule 44.2(b) which does not presume harm
as stated in Alvarez v. State, 63 S.W.3d 578 (Tex. App.-Fort Worth 2001, no pet.). The next year,
the Texas Court of Criminal Appeals stated its decision in more definite terms in Cain. See Cain
v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997). The court stated in dicta that "[e]xcept for certain
federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error,
whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is
categorically immune to a harmless error analysis." Id. at 264 (citations omitted). Harm analysis for
nonconstitutional errors is now conducted under Rule 44.2(b). See Tex. R. App. P. 44.2(b). Recent
courts of appeals' decisions concerning violations of Article 28.10 have performed a harm analysis. (4) 
We believe current Texas law requires us to perform a harm analysis.

Was the error harmless error?

 Under the Rules of Appellate Procedure for nonconstitutional errors, we are to disregard
errors, defects, irregularities, or variances that do not affect the substantial rights of the accused. 
Tex. R. App. P. 44.2(b). A "substantial right" is affected when the error had a substantial and
injurious effect or influence in determining the jury's verdict. Tex. R. App. P. 44.2(b); King v. State,
953 S.W.2d 266 (Tex. Crim. App. 1997). If, on the record as a whole, it appears the error "did not
influence the jury, or had but a slight effect," we must consider the error harmless and allow the
conviction to stand. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). In so doing,
we must assess harm, but there is no burden on either an appellant or on the State to demonstrate that
harm. Schutz v. State, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); Johnson v. State, 43 S.W.3d 1,
4 (Tex. Crim. App. 2001). The parties may suggest how such harm is shown (or not), but no
allocated burdens of proof exist. Schutz, 63 S.W.3d at 444. 

 In order to properly conduct a harm analysis under Rule 44.2(b), we are to determine whether
the error affected a substantial right of the defendant. The court has opined that, in order to make
this determination, we must decide whether the error had a substantial or injurious effect on the jury's
verdict. Llamas v. State, 12 S.W.3d 469, 471 n.2 (Tex. Crim. App. 2000). Thus, we must examine
the possible outcomes if the error had not occurred. 

 Assuming the indictment had not been amended, a variance would have arisen between the
indictment and the evidence presented at trial. "A 'variance' occurs when there is a discrepancy
between the allegations in the charging instrument and the proof at trial." Gollihar v. State, 46
S.W.3d 243, 246 (Tex. Crim. App. 2001). In Texas, variance claims are treated as insufficiency of
the evidence claims. Id. at 247; see Carter v. Estelle, 691 F.2d 777, 781-82 (5th Cir. 1982)
("variances . . . are not regarded as mere trial error by the Texas courts but as evidentiary
sufficiency"). However, variance claims are not precluded from being brought on purely "lack of
notice" allegations. Gollihar, 46 S.W.3d at 257 n.24. Craig alleges both notice and sufficiency
arguments. He argues that, if the error had not been committed, he would have only been convicted
of a misdemeanor. (5) In addition, Craig argues he was entitled to a ten-day continuance. Although
Justice Keasler's opinion in Gollihar asserts that Texas should develop distinctions between notice
and insufficiency of the evidence variance claims, (6) both claims are analyzed under the same test. 
"The widely accepted rule, regardless of whether viewing variance as a sufficiency of the evidence
problem or as a notice-related problem, is that a variance that is not prejudical to a defendant's
'substantial rights' is immaterial." Id. at 247-48. Determination of whether a defendant's "substantial
rights" have been prejudiced requires consideration of two questions: 

 [W]hether the indictment as written, informed the defendant of the charge against
him sufficiently to allow him to prepare an adequate defense at trial, and whether
prosecution under the deficiently drafted indictment would subject the defendant to
the risk of being prosecuted later for the same crime. 

Id. at 248 (citing United States v. Sprick, 233 F.3d 845, 853 (5th Cir. 2000)). The second prong of
the test clearly does not apply to the situation in question. An error in the enhancement paragraph
of a Section 49.09 enhancement will not lead to a second prosecution. Thus, we need only be
concerned with whether Craig had adequate notice to prepare his defense.

 The Texas Court of Criminal Appeals has held that the above analysis should be conducted
in the context of a "hypothetically correct" jury charge. See Gollihar, 46 S.W.3d at 253; Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Malik controls "even in the absence of alleged
jury charge error." Gollihar, 46 S.W.3d at 255. A "hypothetically correct" jury charge is "one that
accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the
State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately
describes the particular offense for which the defendant was tried." Malik, 953 S.W.2d at 240. In
Curry, the Texas Court of Criminal Appeals held that the "'law' as 'authorized by the indictment'
must be the statutory elements of the offense of aggravated kidnapping as modified by the charging
instrument." Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). The "hypothetically
correct" jury charge cannot "wholly re-write the indictment," but is not required to "track exactly all
of the allegations in the indictment." Gollihar, 46 S.W.3d at 253. This charge must contain all the
essential elements of the offense. Id. at 254. The charge must contain "the statutory elements of the
offense . . . as modified by the charging instrument." Curry, 30 S.W.3d at 404. An allegation of two
prior DWI convictions is an essential element of a prosecution for felony DWI. See Jimenez v. State,
981 S.W.2d 393, 396 (Tex. App.-San Antonio 1998, pet. ref'd); Addington v. State, 730 S.W.2d 788,
789 (Tex. App.-Texarkana 1987, pet. ref'd). The relevant issue in the present case, though, is
whether the county of the jurisdictional offense must be included in the "hypothetical jury charge."
A hypothetically correct charge "need not incorporate allegations that give rise to immaterial
variances." Gollihar, 46 S.W.3d at 256. Therefore, if the variance of the county where the prior
DWI occurred is immaterial, it does not need to be included in the jury charge.

 A variance between the indictment and the evidence is only fatal to a conviction requiring
a reversal if it is material. A variance is material only if it results in actual surprise or prejudices the
rights of the accused. Rojas v. State, 986 S.W.2d 241 (Tex. Crim. App. 1998); Stevens v. State, 891
S.W.2d 649 (Tex. Crim. App. 1995). For such variance to be material, a defendant has the burden
of showing surprise or prejudice. Santana v. State, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001). It
is conceivable that, in some circumstances, a variance in the name of the county where the prior
conviction occurred may result in a lack of notice. We do not believe that lack of notice occurred
in this case. We will take judicial notice that Titus County and Franklin County are contiguous
counties. See Tex. R. Evid. 201. There is considerable evidence Craig was not surprised or
prejudiced by the amendment. The State provided Craig with full access to its file, and Craig
prepared a motion to exclude on the basis that the indictment alleged the wrong county. Further,
Craig did not allege surprise when asked by the trial court whether he was surprised by the
amendment. If Craig acknowledged on the record there was no surprise or prejudice, the variance
is not material. Valenti v. State, 49 S.W.3d 594, 598 (Tex. App.-Fort Worth 2001, no pet.). Craig
was not surprised by the amendment and had sufficient notice in order to adequately prepare for trial. 
Therefore, we conclude the variance was not material. We believe this conclusion is consistent with
caselaw which has held similar errors to be immaterial. (7) We hold that an immaterial variance will
not have more than a slight influence on the verdict. Therefore, the trial court's error did not result
in harm, and we overrule Craig's first point of error.

 In his second point of error, Craig contends the trial court erred by overruling his motion for
directed verdict. The State produced testimony of only one witness, the arresting officer, to prove
Craig's intoxication. Craig presented three witnesses. Craig's mother, with whom he lives, testified
Craig had given up drinking. Two other witnesses, who were with Craig for most of the night,
testified that, to their knowledge, Craig had not been drinking that night. Craig contends the
testimony of a single witness is insufficient to support the verdict. Therefore, a directed verdict
should have been granted. A point of error complaining about a trial court's failure to grant a motion
for directed verdict is a challenge to the legal sufficiency of the evidence. Williams v. State, 937
S.W.2d 479, 482 (Tex. Crim. App. 1996); Broderick v. State, 35 S.W.3d 67, 75 (Tex.
App.-Texarkana 2000, pet. ref'd). Thus, our only concern is whether the evidence at trial was legally
sufficient to support a guilty verdict.

 In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls on the Court to view the relevant evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000). This Court's duty is not to reweigh the evidence, but to act as a "due
process safeguard ensuring only the rationality of the factfinder." Matamoros v. State, 901 S.W.2d
470, 474 (Tex. Crim. App. 1995).

 The opinion testimony of an officer, standing alone, is legally sufficient to prove intoxication. 
Annis v. State, 578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979); Fierro v. State, 969
S.W.2d 51, 59 (Tex. App.-Austin 1998, no pet.); Hawkins v. State, 964 S.W.2d 767 (Tex.
App.-Beaumont 1998, pet. ref'd). In this case, there is substantially more evidence of intoxication
than the officer's opinion. Officer Pierce testified he noticed a beer can between the driver's legs,
a strong odor of alcoholic beverage, the driver's eyes were bloodshot and glassy, and his speech was
slurred. Pierce also testified Craig refused the field sobriety tests and the breath test while cursing
him. Craig admitted he had been drinking "all night." In the light most favorable to the verdict, we
believe that a rational fact-finder could find Craig guilty based on the evidence presented. Craig's
second point of error is overruled.

 As his third point of error, Craig contends he was denied effective assistance of counsel at
trial. Craig asserts his counsel at trial did not: 1) perform sufficient trial preparation and
investigation, and 2) possess sufficient understanding of the indictment process or Article 28.10 to
adequately represent him at trial. He argues that, if his counsel had adequately represented him, he
would have only been convicted of a misdemeanor DWI. (8) 

 The Sixth Amendment and the Texas Constitution both confer a right to effective
representation by counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10. If counsel's
performance is ineffective, the conviction cannot stand. The Texas Court of Criminal Appeals has
held that the Texas Constitution does not impose a higher standard than the Sixth Amendment. 
Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986); Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994). The Sixth Amendment standard, established by Strickland,
requires a defendant alleging ineffective assistance of counsel to show that his or her counsel's
performance at trial was deficient and that counsel's deficient performance prejudiced his or her
defense. See Strickland v. Washington, 466 U.S. 668 (1984); see also Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002). 

 To satisfy the deficiency prong of the test, Craig must prove, by a preponderance of the
evidence, that his counsel's representation fell below the objective standard of professional norms. 
Bone, 77 S.W.3d at 833. There is a strong presumption that counsel's performance was adequate. 
Id. The defendant must show his counsel's representation to be "so deficient and so lacking in
tactical or strategic decision making as to overcome the presumption that counsel's conduct was
reasonable and professional." Id. An ineffective assistance of counsel claim cannot be based on a
difference of opinion concerning strategy. "[T]he defendant must prove, by a preponderance of the
evidence, that there is . . . no plausible professional reason for a specific act or omission." Id. at 836. 

 Craig's first contention is that trial counsel did insufficient trial preparation. He provides no
particularized support for this allegation other than contending trial counsel did not adequately
investigate and interview witnesses or properly prepare his closing argument. The record indicates
trial counsel did perform some investigation and trial preparation. He also presented three witnesses
to testify at trial for the defense. Ineffective assistance of counsel claims must be "firmly founded
in the record." Id. at 833; Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Mere
supposition that further investigation may have resulted in exculpatory evidence is not sufficient by
itself to overcome the presumption that counsel acted adequately. Craig contends trial counsel
should have more vigorously attacked the State's witnesses in his closing argument. At best, this
argument concerns a difference of opinion as to trial strategy. Ineffective assistance of counsel
claims cannot be "built on retrospective speculation." Bone, 77 S.W.3d at 835. There are various
reasons for counsel not to attack certain witnesses in a closing argument. He may not have wanted
to alienate the jury or may have wanted to emphasize other matters. We believe this contention
amounts to nothing less than a difference of opinion concerning strategy. In the absence of evidence
to refute the presumption that counsel acted adequately, we are not persuaded that counsel failed to
properly investigate or prepare for trial. 

 Second, Craig contends counsel did not adequately understand the indictment process or
Article 28.10. As Craig asserts, an attorney "must have a firm command of the facts of the case as
well as the law before he can render reasonably effective assistance of counsel." Ex parte Lilly, 656
S.W.2d 490, 493 (Tex. Crim. App. 1983). Craig contends his trial counsel should not have raised
the defect in the indictment in his pretrial motions. If the defect had not been raised, Craig contends
the State would not have been able to prove the prior DWI since it occurred in Franklin County
rather than Titus County as alleged in the indictment. If the jury found the State did not prove the
former, it could not have found Craig guilty of a felony DWI under Section 49.09. At best, such an
argument amounts to a difference in trial strategy rather than ineffective assistance of counsel. There
are several reasons to raise a defect in an indictment before trial, including preservation of error for
appeal. We conclude there are plausible professional reasons for trial counsel's decision to raise the
defect in the indictment. Further, when considering whether representation is ineffective, the court
should examine the defects in the totality of the circumstances. Ex parte Welborn, 785 S.W.2d 391,
393 (Tex. Crim. App. 1990). When viewed in the totality of the circumstances, trial counsel's
representation was adequate. Therefore, we cannot say trial counsel's performance at trial was
deficient. Because we do not find trial counsel's performance at trial deficient, there is no need to
examine the second prong of Strickland.

Conclusion

 By allowing an amendment after jeopardy had attached, the trial court violated Article 28.10. 
A violation of Article 28.10 is subject to harm analysis. If the error had not been committed, the
immaterial variance would not have had a substantial effect on the outcome. Therefore, we find the
error did not result in harm. The trial court did not err in overruling Craig's motion for directed
verdict, since the evidence was legally sufficient. Lastly, trial counsel's performance at trial was not
ineffective assistance of counsel. 

 We affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: April 24, 2003

Date Decided: June 6, 2003


Do Not Publish
1. This Court is aware that the 1995 DWI was enhanced to a felony by use of at least one of
the priors used to enhance the current DWI to a felony. The record is not entirely clear as to what
offenses were specifically used to enhance the 1995 felony DWI. While a felony DWI used under
Section 49.09 of the Texas Penal Code cannot be used again under Section 12.42(d), misdemeanor
DWI offenses that were used to enhance a prior DWI to a felony, which is currently used under
Section 12.42(d), can be used under Section 49.09 for the current DWI as well. See Carroll v. State,
51 S.W.3d 797 (Tex. App.-Houston [1st Dist.] 2001, pet. ref'd); Rodriguez v. State, 31 S.W.3d 359
(Tex. App.-San Antonio 2000, pet. ref'd). Since this issue has not been presented on appeal, we will
not examine it further.
2. Bates v. State, 15 S.W.3d 155, 161 (Tex. App.-Texarkana 2000, pet. ref'd); see Eastep v.
State, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997), overruled on other grounds by Gollihar v.
State, 46 S.W.3d 243 (Tex. Crim. App. 2001), and Riney v. State, 28 S.W. 3d 561 (Tex. Crim. App.
2000). The surplusage doctrine was overruled by Gollihar as unnecessary due to the material
variance doctrine, which will reach the same result as the surplusage doctrine. Gollihar, 46 S.W.3d
at 256. The status of "abandonment of surplusage" is now unclear, but not relevant in this case.
3. Defense counsel requested an additional ten days when the State moved to amend. The trial
court "overrule[d] [his] objection." He did not specifically designate Article 28.10 as the basis for
his objection, but did request the ten days Article 28.10 requires to be given to the defense if an
indictment is amended before trial. Such a request may be sufficient to draw the trial court's
attention to Article 28.10. Since preservation of this issue is not brought up by either side, we will
not address it.
4. See Nichols v. State, 52 S.W.3d 501 (Tex. App.-Dallas 2001, no pet.); Valenti v. State, 49
S.W.3d 594, 598 (Tex. App.-Fort Worth 2001, no pet.); Westfall v. State, 970 S.W.2d 590, 596
(Tex. App.-Waco 1998, no pet.); see also Gollihar, 46 S.W.3d at 260 (Keasler, J., dissenting).
5. The jury charge submitted to the jury, however, did not give instructions concerning the
lesser-included offense of misdemeanor DWI.
6. See Gollihar, 46 S.W.3d at 260 (Keasler, J., concurring in part, dissenting in part). 
7. See Gollihar, 46 S.W.3d at 256 (variance of stolen go-cart model number not fatal when trial
court refused to amend at trial); Reese v. State, 905 S.W.2d 631 (Tex. App.-Texarkana 1995, pet.
ref'd, untimely filed) (variance in the district court of Harris County in which a prior conviction
occurred deemed immaterial); Barrett v. State, 900 S.W.2d 748 (Tex. App.-Tyler 1995, pet. ref'd)
(variance in the name of the offense is immaterial); Stewart v. State, 856 S.W.2d 567 (Tex.
App.-Beaumont 1993, no pet.) (variance in the date of the offense deemed immaterial); Straughter
v. State, 801 S.W.2d 607, 611 (Tex. App.-Houston [1st Dist.] 1990, no pet.) (variance in the cause
number immaterial); see also Dwight v. State, No. 03-02-00731-CR, 2003 Tex. App. LEXIS 4615
(Tex. App.-Austin May 30, 2003, no pet. h.) (not designated for publication) (variance concerning
county of prior DWI used under Section 49.09 deemed immaterial in felony DWI trial).
8. The jury charge submitted to the jury, however, did not give instructions concerning the
lesser-included offense of misdemeanor DWI.