In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00014-CR

                                                ______________________________

 

 

                                     THE STATE OF
TEXAS, Appellant

 

                                                                V.

 

                                    JOHN HARDY TAYLOR, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 22888

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            In
its indictment, the State alleged that on or about August 13, 2008, John Hardy
Taylor was criminally negligent in failing to secure his dog, which made an
unprovoked attack on Judy Pless, causing serious bodily injury—a violation of
Section 822.005(a)(1) of the Texas Health and Safety Code.[1]  Tex.
Health & Safety Code Ann. § 822.005(a)(1) (Vernon 2010).  The trial court quashed the indictment
against Taylor on the grounds that the statute on which the indictment is based
is unconstitutionally vague.  The State
appeals from the order quashing the indictment in trial court cause number
22888.  

            The
State also appeals from the order quashing the indictment in trial court cause
number 22840, and has filed a single brief, in which the State raises issues
common to both appeals.  The State
contends the statute in question is not unconstitutionally vague, and the order
quashing the indictment should therefore be reversed.  We addressed these issues in detail in our
opinion of this date in cause number 06-10-00013-CR.  For the reasons stated therein, we likewise
conclude that the statute is constitutional.

            Accordingly,
we reverse the order quashing the indictment and remand to the trial court for
further proceedings.

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          July
6, 2010

Date Decided:             July
23, 2010

 

Do Not Publish











[1]Because
this is an appeal of a pretrial order, no testimony or evidence appears in the
record.  







Conclusion

 By allowing an amendment after jeopardy had attached, the trial court violated Article 28.10. 
A violation of Article 28.10 is subject to harm analysis. If the error had not been committed, the
immaterial variance would not have had a substantial effect on the outcome. Therefore, we find the
error did not result in harm. The trial court did not err in overruling Craig's motion for directed
verdict, since the evidence was legally sufficient. Lastly, trial counsel's performance at trial was not
ineffective assistance of counsel. 

 We affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: April 24, 2003

Date Decided: June 6, 2003


Do Not Publish
1. This Court is aware that the 1995 DWI was enhanced to a felony by use of at least one of
the priors used to enhance the current DWI to a felony. The record is not entirely clear as to what
offenses were specifically used to enhance the 1995 felony DWI. While a felony DWI used under
Section 49.09 of the Texas Penal Code cannot be used again under Section 12.42(d), misdemeanor
DWI offenses that were used to enhance a prior DWI to a felony, which is currently used under
Section 12.42(d), can be used under Section 49.09 for the current DWI as well. See Carroll v. State,
51 S.W.3d 797 (Tex. App.-Houston [1st Dist.] 2001, pet. ref'd); Rodriguez v. State, 31 S.W.3d 359
(Tex. App.-San Antonio 2000, pet. ref'd). Since this issue has not been presented on appeal, we will
not examine it further.
2. Bates v. State, 15 S.W.3d 155, 161 (Tex. App.-Texarkana 2000, pet. ref'd); see Eastep v.
State, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997), overruled on other grounds by Gollihar v.
State, 46 S.W.3d 243 (Tex. Crim. App. 2001), and Riney v. State, 28 S.W. 3d 561 (Tex. Crim. App.
2000). The surplusage doctrine was overruled by Gollihar as unnecessary due to the material
variance doctrine, which will reach the same result as the surplusage doctrine. Gollihar, 46 S.W.3d
at 256. The status of "abandonment of surplusage" is now unclear, but not relevant in this case.
3. Defense counsel requested an additional ten days when the State moved to amend. The trial
court "overrule[d] [his] objection." He did not specifically designate Article 28.10 as the basis for
his objection, but did request the ten days Article 28.10 requires to be given to the defense if an
indictment is amended before trial. Such a request may be sufficient to draw the trial court's
attention to Article 28.10. Since preservation of this issue is not brought up by either side, we will
not address it.
4. See Nichols v. State, 52 S.W.3d 501 (Tex. App.-Dallas 2001, no pet.); Valenti v. State, 49
S.W.3d 594, 598 (Tex. App.-Fort Worth 2001, no pet.); Westfall v. State, 970 S.W.2d 590, 596
(Tex. App.-Waco 1998, no pet.); see also Gollihar, 46 S.W.3d at 260 (Keasler, J., dissenting).
5. The jury charge submitted to the jury, however, did not give instructions concerning the
lesser-included offense of misdemeanor DWI.
6. See Gollihar, 46 S.W.3d at 260 (Keasler, J., concurring in part, dissenting in part). 
7. See Gollihar, 46 S.W.3d at 256 (variance of stolen go-cart model number not fatal when trial
court refused to amend at trial); Reese v. State, 905 S.W.2d 631 (Tex. App.-Texarkana 1995, pet.
ref'd, untimely filed) (variance in the district court of Harris County in which a prior conviction
occurred deemed immaterial); Barrett v. State, 900 S.W.2d 748 (Tex. App.-Tyler 1995, pet. ref'd)
(variance in the name of the offense is immaterial); Stewart v. State, 856 S.W.2d 567 (Tex.
App.-Beaumont 1993, no pet.) (variance in the date of the offense deemed immaterial); Straughter
v. State, 801 S.W.2d 607, 611 (Tex. App.-Houston [1st Dist.] 1990, no pet.) (variance in the cause
number immaterial); see also Dwight v. State, No. 03-02-00731-CR, 2003 Tex. App. LEXIS 4615
(Tex. App.-Austin May 30, 2003, no pet. h.) (not designated for publication) (variance concerning
county of prior DWI used under Section 49.09 deemed immaterial in felony DWI trial).
8. The jury charge submitted to the jury, however, did not give instructions concerning the
lesser-included offense of misdemeanor DWI.