**Draeglen DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–05–421 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Sept. 21, 2006.

Decided Dec. 20, 2006.

Lydia Clay–Jackson, Conroe, for appellant.

Michael A. McDougal, Dist. Atty., Michael C. Young, Daniel W. Davis, Robert Bartlett, Michael Seiler, Asst. Dist. Atty's, Conroe, for appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

A jury convicted Draeglen Davis of aggravated robbery based upon an offense committed at a storage facility in Montgomery County. *See* TEX. PEN.CODE ANN. § 29.03 (Vernon 2003). The jury assessed punishment at ninety-nine years' confinement in the Texas Department of Criminal Justice, Institutional Division. Davis appeals his conviction on one issue and asserts the trial court erred in admitting the testimony of Sharon King. Davis contends that King's testimony was inadmissible under Rule of Evidence 404(b) because it concerned an extraneous offense. We overrule Davis's issue and affirm his conviction.

Texas Rule of Evidence Rule 404(b) does not allow the admission of extraneous offense-evidence to prove "the character of a person in order to show action in conformity therewith." TEX.R. EVID. 404(b). "An extraneous offense is any act of misconduct, whether resulting in prosecution or not, that is not shown in the charging papers." *Manning v. State,* 114 S.W.3d 922, 926 (Tex.Crim.App.2003) (citing *Rankin v. State,* 953 S.W.2d 740, 741 (Tex.Crim.App.1996)).

The record shows that the State called King to rebut the testimony of Viola Williams, Davis's aunt. Williams testified that Davis worked for her healthcare management company in Temple, Texas, on April 23, 2004, which is the date of the robbery that the State alleged Davis committed. Williams also testified that Davis worked for her in Temple on April 19, 2004. Subsequently, the State called King. King testified that she was robbed at gunpoint by Davis at a storage facility in Harris County on April 19, 2004.

This Court reviews the trial court's decision to admit the contested testimony under an abuse of discretion standard. *Powell v. State,* 63 S.W.3d 435, 438 (Tex.Crim.App.2001). We will uphold the trial court's decision if it is "within the zone of reasonable disagreement." *Id.* The trial court's evidentiary ruling must be upheld if it is "reasonably supported by the record and is correct under any applicable theory of law...." *Carter v. State,* 145 S.W.3d 702, 707 (Tex.App.-Dallas 2004, pet. ref'd) (citing *Trevino v. State,* 991 S.W.2d 849, 855 (Tex.Crim.App.1999)). Therefore, we must determine whether the testimony about the April 19 robbery was reasonably supported by the record and correct under any applicable theory of law.

Rule 404(b) provides, in part: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in con-

formity therewith." Tex.R. Evid. 404(b). Rule 404(b) does not necessarily require exclusion of King's testimony even though it concerned another wrong or crime committed by Davis on April 19. Instead, Rule 404(b) provides that evidence of other crimes, wrongs, or acts "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." *Id.* Thus, Rule 404(b) precludes the State from trying an accused for collateral crimes or for generally being a criminal. *Id.; Nobles v. State,* 843 S.W.2d 503, 514 (Tex. Crim.App.1992). To be admissible, extraneous offense evidence must be relevant apart from its proof of character conformity. *Alba v. State,* 905 S.W.2d 581, 585 (Tex.Crim.App.1995).

■ In this case, the State contends that the "other purpose" requirement is met because King's testimony regarding the robbery of April 19 was relevant to impeach Williams. "Although Rule 404(b) enumerates specific purposes for which 'other crimes, acts or wrongs' are admissible, the Rule's list of 'other purposes' is 'neither exclusive nor collectively exhaustive.'" *Rogers v. State,* 853 S.W.2d 29, 33 (Tex.Crim.App.1993) (en banc) (citing *Montgomery v. State,* 810 S.W.2d 372, 388 (Tex.Crim.App.1991)). We therefore evaluate whether the purpose of impeaching an alibi witness is within the "other purposes" provision of Rule 404(b).

■ To determine whether King's testimony that Davis robbed her on April 19 is admissible, we apply a two-step process. *Martin v. State,* 173 S.W.3d 463, 467 (Tex. Crim.App.2005); *Rogers,* 853 S.W.2d at 32 (citing *Mayes v. State,* 816 S.W.2d 79, 84–87 (Tex.Crim.App.1991)). First, we must decide if the testimony is relevant to a fact of consequence apart from its tendency to prove character conformity. *Martin,* 173 S.W.3d at 467. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex.R. Evid. 401.

Here, Williams was the only witness that Davis called during the guilt/innocence phase of his trial. Thus, if the jury believed her testimony, it is likely that Davis would be acquitted. If Davis worked for Williams's healthcare company on April 23 in Temple, it is unlikely that he could have participated in a robbery on that date in Conroe. Likewise, if Williams's testimony about Davis's working with her on April 19 is untrue, it is more likely that her testimony about Davis's work for her company on April 23 is also unreliable. In light of Williams's testimony that Davis was working in Temple on April 19, we hold that King's testimony about the April 19 robbery was relevant to assist the jury in assessing Williams's credibility.

■ Second, in determining whether King's testimony was admissible, we must evaluate whether its probative value was substantially outweighed by unfair prejudice. *Martin,* 173 S.W.3d at 467. Even when an extraneous offense is relevant apart from its tendency to prove character conformity, we still consider whether the relevance of the evidence for other purposes is substantially outweighed by the extraneous offense's inflammatory or prejudicial potential. *Montgomery,* 810 S.W.2d at 388. In weighing the probative value of the evidence and its potential prejudice, a trial court should consider several factors, including:

(1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a

factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;

(2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way";

(3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; [and]

(4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

*Santellan v. State,* 939 S.W.2d 155, 169 (Tex.Crim.App.1997) (citing *Montgomery,* 810 S.W.2d at 389–90).

Here, evidence that tended to impeach Williams was necessary for the jury's evaluation of Davis's claimed alibi. Extraneous offense evidence is admissible to rebut an alibi theory. *Albrecht v. State,* 486 S.W.2d 97, 101 n. 6 (Tex.Crim.App.1972) (collecting cases in which extraneous crime evidence was admitted to refute a defensive theory raised by the accused); *Herring v. State,* 752 S.W.2d 169, 172 (Tex. App.-Houston [1st Dist.] 1988), *remanded on other grounds,* 758 S.W.2d 283 (Tex. Crim.App.1988) (holding extraneous offense admissible to rebut accused's defensive theory of alibi). The State, prior to King's testifying and outside the jury's presence, explained that its purpose in offering King's testimony was to impeach Williams. There was no need to utilize King's testimony to show Davis was the perpetrator based upon the similarities between the two offenses, because during her testimony, King identified Davis as the person who robbed her on April 19.

After both sides rested, the court instructed the jury that King's testimony was offered for the limited purpose of impeaching the testimony of Williams, and that the State used the testimony solely for that purpose. *See Abdnor v. State,* 808 S.W.2d 476, 478 (Tex.Crim.App.1991) (*Abdnor II*) (suggesting courts utilize limiting instructions to limit scope of jury's consideration of extraneous offense testimony). In addition, the charge instructed the jury to consider any testimony regarding other offenses solely in determining the defendant's opportunity to commit the offense for which he was being tried. These instructions reduced any possibility that the jury might improperly consider King's testimony as showing Davis's character as a robber. *See Moore v. State,* 700 S.W.2d 193, 201 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 289 (1986). King's testimony did not require much time to develop, as her testimony in the record consists of only fifteen pages of the two hundred sixty-two pages of the trial transcript's guilt/innocence phase.

In addition, the State did not argue to the jury that the similarities of the crimes on April 19 and April 23 tended to identify Davis as the perpetrator. Rather, the State argued that King's testimony rebutted that of Williams regarding Davis's whereabouts on April 19.

Davis further argues that it was error to admit King's testimony concerning the April 19 robbery because there were insufficient similarities between the two robberies to assist the jury in identifying Davis as the perpetrator. But, it was not necessary to identify Davis as the perpetrator by comparing the similarities between the crimes, as both King and the victim of Davis's April 23 robbery identified him in court. Davis was also identified as the perpetrator of the April 23 robbery by the

State's latent print examiner from fingerprint evidence that Davis left at the scene. As previously noted, the court specifically instructed the jury that the purpose of King's testimony was to impeach Williams.

We disagree with Davis's contention that the State's proffer of King's testimony regarding the events of April 19 was to assist the State in establishing that Davis was the perpetrator of the April 23 robbery. The record shows that King's testimony was offered for the purpose of contradicting Williams's alibi testimony. Having considered the record, the court's instructions to the jury regarding the purpose of King's testimony, and the use the State made of the testimony, we hold that the probative value of King's testimony outweighed its potential prejudice.

In summary, King's testimony had significant potential value to prove that Davis's alibi witness was not truthful. In light of the instructions given, we do not believe the evidence had the potential to impress the jury in an irrational way, or that the time spent in presenting King's testimony was sufficient to distract the jury from its consideration of the April 23 offense. No other evidence except King's significantly assisted the State in contradicting Williams's account of Davis's whereabouts. Finally, the jury's assessment of Williams's credibility was important to the jury's resolution of the dispute. Under these circumstances, we hold that the trial court did not abuse its discretion in ruling that King's testimony had a sufficient "other purpose" to allow its admission under Rule 404(b) of the Texas Rules of Evidence.

We overrule Davis's issue, and affirm his conviction.

AFFIRMED.