Criminal Case Template



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



ARTURO LUNA BLANCO,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-06-00046-CR


Appeal from the


243rd District Court


of El Paso County, Texas


(TC# 20030D00073)


O P I N I O N



 This is an appeal from convictions for two counts of unlawful possession of a firearm by a
person convicted of a felony. The jury assessed punishment at ten years' imprisonment and a fine
of $10,000. We affirm.

I. SUMMARY OF THE EVIDENCE


 Rick Huante testified that he was employed as a patrol officer with the El Paso, Texas, Police
Department on September 28, 2002. At approximately 4 a.m., he was patrolling southbound on
Yarbrough Street in El Paso, when he saw an automobile straddling the traffic lanes. As he closed
on the vehicle, he saw that the vehicle registration was expired. Officer Huante got behind the
vehicle and activated his lights and shined a spotlight into the vehicle. He saw furtive movements
between the driver and the passenger. The two occupants appeared to be moving toward each other. 
 After the stop, Officer Huante positioned his patrol car so that he could approach safely and
easily see into the vehicle. He approached the driver's side window, and the driver rolled down his
window. The officer explained why he had stopped their vehicle, and he shined his flashlight on the
occupants. As he asked both individuals for identification, he saw the barrel of a rifle pointing up
behind the driver's seat. Officer Huante pretended he did not see the weapon and continued as if he
were dealing with a routine traffic stop. Neither individual had identification with him, but each
gave the officer his correct name. Officer Huante went to his patrol car to run a warrants check. 
That check indicated that the driver, Juan Cordova, was operating a vehicle without a valid driver's
license. The passenger, Appellant, had outstanding warrants for his arrest. Officer Huante requested
assistance in effecting the arrests.

 Officer Huante had Cordova exit the vehicle, and he explained that he would have to go to
the police station regarding his suspended license. Cordova agreed and was placed in the rear of the
patrol vehicle. The officer then approached Appellant and, when he began to reach under the seat,
Officer Huante removed him from the car and patted him down. Appellant was placed under arrest
for outstanding warrants. Another officer arrived, and he escorted Appellant to the patrol car while
Officer Huante looked inside the vehicle. He looked at the floorboard and he saw a loaded handgun
sticking out from underneath the passenger's seat. The car was registered to Appellant.

 During the course of the trial, the parties entered into a stipulation wherein Appellant
acknowledged that he was the same individual who had previously been convicted of three felony
offenses. Further, the date of the arrest for the current charge was within five years of the date he
was released from confinement.

 Cordova testified on behalf of Appellant. He stated that Appellant had loaned his car for
Cordova's use during the week prior to their arrest. Cordova stated that the car was in his possession
and that Appellant had not been in the vehicle until the morning of the arrest. He testified that he
had purchased the weapons the day before the arrest. Cordova stated that, on the morning of the
arrest, Appellant had requested a ride home from his sister's house. The firearms were still in the
vehicle because Cordova did not want the weapons around his children in his house. The rifle was
in the back of the car leaning against the backseat. The handgun was under the front passenger's
seat.

 Cordova testified that Appellant was not aware of the guns, but when they were stopped, he
woke Appellant up and told him they had been stopped and that there were weapons in the car. 
Cordova testified that Appellant was not previously aware of the weapons, although he admitted that
he could not say with certainty that Appellant had not seen the weapons when he entered the car. 
Cordova pleaded guilty to possessing the rifle on January 27, 2003, and he received a probated
sentence. At the time of trial, his probation was in the process of being revoked.

II. DISCUSSION


 In Appellant's sole issue on appeal, he asserts that the trial court erred by admitting evidence
of extraneous misconduct and that the error was harmful, beyond a reasonable doubt. At trial,
Appellant filed a motion in limine, requesting that counsel be required to approach the bench prior
to any mention of a sum of money found in the glove box of the vehicle. The State agreed to the
motion.

 During the cross-examination of Cordova, the prosecutor inquired why the gun had been
placed under the passenger's seat. Cordova replied that he had originally placed the gun under the
driver's seat, but it kept sliding forward. The prosecutor asked why he had not put the gun in the
glove box. Cordova responded that Appellant had a lot of personal papers in the glove box and that
he did not want to disturb them. Cordova stated that none of the items in the glove box was his. The
parties then approached the bench, and the prosecutor asserted that Appellant had opened the door
to questioning the witness about $17,000 cash that was found in the glove box, because it went to
the credibility of the witness, on the theory that the vehicle would not have been loaned with that
amount of money in the vehicle. The court agreed that the question of the money was relevant to
impeach the witness and allowed the prosecutor to inquire into the money, as long as the dollar
amount was not stated. The prosecutor asked Cordova about the money, and he stated that he had
not seen it, although he had looked in the glove box. He reiterated that Appellant had not been in
the car the entire week preceding the arrest.

 Officer Huante was recalled to the stand as a rebuttal witness. When he was shown a picture
of the money in the glove box, Officer Huante stated that the glove box contained bundles of money
in $20 denominations. Appellant objected that the evidence was not relevant. The objection was
overruled.

 A trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. 
Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); Torres v. State, 116 S.W.3d 208, 213
(Tex. App.--El Paso 2003, no pet.). A trial court's ruling will be reversed only if the decision
exceeded the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1990) (op. on reh'g).

 The Texas Rules of Evidence provide that evidence of other crimes, wrongs, or acts is not
admissible to prove the character of a person, in order to show action in conformity therewith. See
Tex. R. Evid. 404(b). It may, however, be admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Id.

 To determine the admissibility of such evidence, a two-step analysis is utilized. Martin v.
State, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). First, the court must determine whether the
evidence is relevant to a fact of consequence beyond character conformity. Id. Under Rule 401,
evidence is relevant if it has any tendency to make the existence of a fact of consequence more or
less probable. Tex. R. Evid. 401; Montgomery, 810 S.W.2d at 387.

 In Davis v. State, 214 S.W.3d 101 (Tex. App.--Beaumont 2006, pet. filed), the defendant
called his aunt to the stand to testify that he was working for her company in Temple, Texas, on
April 23, 2004, the date when he was accused of having committed a robbery in Conroe, Texas. She
testified that the defendant was also working for her in Temple on April 19. In rebuttal, the State
called a complainant who testified that, on April 19, she had been robbed at gunpoint by the
defendant in Harris County, Texas. (1) Id. at 103. The court held that the testimony was relevant in
determining the aunt's credibility. Id. at 104.

 Assuming arguendo that the testimony regarding the $20 bills was evidence of an extraneous
offense, we find, as in Davis, that the evidence was relevant to assist the jury in assessing Cordova's
testimony. The jury could reasonably have determined that it is highly unlikely that Appellant would
have loaned a car which contained a large amount of cash to Cordova for a week. The evidence of
the money was therefore relevant to assist the jury in evaluating Cordova's credibility.

 The second step of the analysis requires the reviewing court to determine whether the
evidence was more probative that prejudicial. See Tex. R. Evid. 403; Montgomery, 810 S.W.2d at
388. However, the State argues that Appellant has failed to preserve his Rule 403 issue on appeal. 
We agree. Defense counsel did not invoke Rule 403 or claim that the probative value of the
evidence was substantially outweighed by the danger of unfair prejudice. He raised only a relevancy
objection. A Rule 403 objection is not implicitly contained within a relevancy, or Rule 404(b),
objection; rather, a specific Rule 403 objection must be raised to preserve the issue for appellate
review. See Lopez v. State, 200 S.W.3d 246, 251 (Tex. App.--Houston [14th Dist.] 2006, pet. ref'd);
and Weber v. State, 829 S.W.2d 394, 397 (Tex. App.--Beaumont 1992, no pet.) (both citing
Montgomery, 810 S.W.2d at 388 (op. on reh'g)). Therefore, Appellant's argument that the evidence
of the money was more prejudicial than probative, under Rule 403, is not preserved for appeal.

 Appellant's only issue on appeal is overruled. We therefore affirm the judgment of the trial
court.

 KENNETH R. CARR, Justice


June 28, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. Conroe is located in Montgomery County, which is adjacent to, and immediately north of, Harris County. 
Temple is located more than 150 miles northwest of Conroe and even farther from Harris County.