

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-17-00300-CR**
**NO. 02-17-00301-CR**
**NO. 02-17-00302-CR**

BRYAN KEITH HERNANDEZ                                           APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

----------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
TRIAL COURT NO. CR16-0891, CR16-0892, CR17-0216

----------

## MEMORANDUM OPINION[1]

----------

In cause numbers 02-17-00300-CR (the "Bumpas Offense") and 02-17-00301-CR (the "Lashbrook Offense"), a jury convicted appellant Bryan Keith Hernandez of assault on a public servant—third-degree felonies—and after finding the enhancement allegations true, assessed his punishment at 20 years'

----------

[1]*See* Tex. R. App. P. 47.4.

confinement in prison and a $5,000 fine in each case. See Tex. Penal Code Ann. §§ 12.42, 22.01(b)(1) (West Supp. 2017). In a third cause number, 02-17-00302-CR (the "Possession Offense"), the jury convicted Hernandez of possession of a controlled substance, methamphetamine, of less than one gram—a state-jail felony—and assessed his punishment at 24 months' confinement in the state-jail division of the Texas Department of Criminal Justice and a fine of $10,000. See Tex. Health & Safety Code Ann. § 481.115(b) (West 2017). The trial court sentenced Hernandez in accordance with the jury verdicts and ordered the sentences to run concurrently.

Hernandez appealed and asserts three points. First, he contends that the trial court committed reversible constitutional and statutory error when it conducted voir dire in his absence. Next, he argues that the evidence is insufficient to support the assessed court costs. And third, he asserts that the trial court unlawfully assessed court costs in two of his three cases.

We overrule his first two points, sustain his third point, and modify the judgments in the Lashbrook and Possession Offenses to delete costs. We thus affirm the judgment in the Bumpas Offense, and we affirm the judgments in the Lashbrook and Possession Offenses as modified.

## Background

Hernandez does not attack the evidentiary sufficiency, but to provide context, we briefly summarize the offenses. After Officer Jordan Lashbrook stopped Hernandez's vehicle, he questioned Hernandez to determine if he was

2

driving while intoxicated. At one point during the investigation, Hernandez admitted having a marijuana pipe in his vehicle, so Officer Lashbrook retrieved the pipe and searched the vehicle. During the search Officer Lashbrook discovered two small baggies containing what the officer thought was methamphetamine or methamphetamine residue; he also found what appeared to him to be a methamphetamine pipe. When Officer Lashbrook and his backup, Officer Chris Bumpas, attempted to arrest Hernandez, a struggle ensued during which Hernandez bit Officer Lashbrook. The officers eventually succeeded in placing Hernandez under arrest.

**Hernandez was present for the entirety of voir dire.**

In Hernandez's first point, he argues that the trial court committed reversible constitutional and statutory error when it conducted voir dire in his absence. An accused's right to be present in the courtroom at every stage of his trial is among the most basic rights guaranteed by the Confrontation Clause of the Sixth Amendment to the United States Constitution. *Illinois v. Allen*, 397 U.S. 337, 338, 90 S. Ct. 1057, 1058 (1970). Under article 33.03 of the code of criminal procedure, the defendant must be present during all voir dire proceedings. Tex. Code Crim. Proc. Ann. art. 33.03 (West 2006); *see Adanandus v. State*, 866 S.W.2d 210, 217 (Tex. Crim. App. 1993), *cert. denied*, 510 U.S. 1215 (1994).

### I. Background

In the Lashbrook Offense, the State alleged that Hernandez assaulted Officer Lashbrook by biting him. During voir dire, defense counsel attempted (and

3

apparently succeeded to some extent over a sustained objection) to show a picture of a bite mark that counsel had pulled off the Internet.[2]

The record shows that at the close of voir dire, the trial court released those members of the venire who had not been selected as jurors, read its instructions to the selected jurors, swore in the jury, and excused it for the day.

After a "recess" of unknown length, one of the jurors came forward (1) to say that she might be prejudiced against Hernandez based on the bite-mark photograph that defense counsel had tried to show during voir dire and (2) to disclose that she herself had consulted with defense counsel on a different matter the previous year. When defense counsel assured the juror that the photograph had nothing to do with Hernandez's case but was simply something that counsel had pulled off the Internet, the juror indicated that she could be objective. After the trial court, the State, and defense counsel all questioned her about her earlier consultation with defense counsel, no one voiced any objection to her remaining on the jury.[3]

---

[2]Because Hernandez did not leave a recognizable bite mark on Officer Lashbrook, whether Hernandez bit the officer was a hotly contested issue. Knowing that the State could not produce comparable evidence, defense counsel attempted to show the jury a picture of an easily recognizable bite mark for at least implied contrast.

[3]When asked if she could remain objective, the juror responded, "Okay." Although not a model of clarity, on this record we can only conclude that it satisfied defense counsel, as he did not object to her remaining on the jury.

4

The trial judge specifically noted who was present. The prosecutor, defense counsel, and the one juror were there; Hernandez was not.

## II. Discussion

The record shows that voir dire had been completed at the time the juror came forward. The trial court had already sworn and excused the jury for the day.

In the reporter's record, the court reporter refers to the juror as "venireperson" when designating who is speaking. That, however, was a misnomer: by this point, she was a juror.

And although the juror's hearing is in the portion of the reporter's record titled "Guilty Plea and Voir Dire," that is a function of the hearing's occurring shortly after voir dire, not during it.

Hernandez argues entirely within the context of his allegedly being absent from voir dire, something Texas law does not allow.[4] *See* Tex. Code Crim. Proc. Ann. art. 33.03. But the problem was no longer Hernandez's absence during jury selection, because the jury had already been selected. The court of criminal appeals has written, "Under Article 33.03, . . . an accused's right to be present at his trial is unwaivable until such time as the jury 'has been selected.'" *Miller*, 692

---

[4]A defendant's right to be present at all stages of trial is waivable where, for example, the defendant voluntarily absents himself by not returning to court after trial proceedings have begun. *See, e.g.*, *Taylor v. United States*, 414, U.S. 17, 20, 94 S. Ct. 194, 196 (1973); *Miller v. State*, 692 S.W.2d 88, 91 (Tex. Crim. App. 1985). This case does not involve such a situation, though; Hernandez was in the courtroom from voir dire's start to finish.

S.W.2d at 91; *see Roden v. State*, 338 S.W.3d 626, 631 (Tex. App.—Fort Worth 2011, pet. ref'd).

Thus the after-the-fact problem facing the trial court was what, if anything, to do about a juror who might be prejudiced against Hernandez based on a photograph she had seen during voir dire and who might be biased in favor of— or possibly prejudiced against—Hernandez because she was familiar with Hernandez's counsel. Put differently, the real question was no longer whether she should be *placed* on the jury; it was whether she should be *removed*. After questioning the juror, neither side found her objectionable, and on appeal, Hernandez does not argue otherwise. He argues simply that it was error to conduct her hearing without his being present.

We will assume but not decide that the trial court erred by conducting the juror hearing without Hernandez there. None of the typical scenarios for proceeding without the defendant appear to apply. *See Taylor*, 414 U.S. at 20, 94 S. Ct. at 196 (holding right waived by defendant's voluntarily not returning to court); *Allen*, 397 U.S. at 343, 90 S. Ct. at 1060–61 (holding that defendant may be removed if, after being warned, he continues to act in a disorderly, disruptive, and disrespectful manner); *Weber v. State*, 829 S.W.2d 394, 396 (Tex. App.— Beaumont 1992, no pet.) (stating that defendant personally must make waiver). We do so because assuming there was error, any error was harmless. *See* Tex. R. App. P. 44.2(a). Beyond a reasonable doubt, the error, if any, did not contribute to Hernandez's conviction or punishment. *See id.* Nothing in this

6

record shows that proceeding with the juror harmed Hernandez in any way. *See Weber*, 829 S.W.2d at 396–97 (holding defendant's absence during a portion of voir dire was harmless beyond a reasonable doubt).

We overrule Hernandez's first point.

**The supplemental records support court costs.**

In Hernandez's second point, he argues that the evidence is insufficient to support the assessed court costs.

Appellate courts review the assessment of court costs to determine if there is a basis for them—not to determine if there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). The traditional evidentiary-sufficiency principles do not apply. *Id.*

Bills of costs are relevant if omitted from the record, and an appellate court may order a court clerk to supplement the clerk's record with a bill of costs. *Id.* at 392. When a defendant does not challenge specific items in a bill of costs, the bill is sufficient. *Id.* at 396.

The trial-court clerk has filed supplemental clerk's records with the bills of costs in all three cases. There are now bases to support the awards. *See id.* at 392, 396.

We overrule Hernandez's second point. *See id.*

**Because the three cases were tried together, the trial court erred in assessing costs in all three.**

In Hernandez's third point, he asserts that the trial court unlawfully assessed triplicate court costs. He contends that where a defendant is convicted of more than one offense in a single criminal action, the court may assess each court cost or fee only once against the defendant. *See* Tex. Code Crim. Proc. Ann. art. 102.073(a) (West 2018). Only the court costs and fees for the most serious conviction are to be assessed. *See id.* art. 102.073(b).

Relying on the same statutory provision as Hernandez does, the State concedes that the trial court should not have assessed costs in all three cases. We agree and sustain Hernandez's third point. *See id.* art. 102.073(a).

Where the State and Hernandez part ways, however, is which of the three awards should remain intact.

Both sides agree that Hernandez was convicted of one state-jail felony and two third-degree felonies. Both agree that the court costs in the Possession Offense—the state-jail felony—should be deleted because it is a lower category offense than the other two. We agree as well. *See id.* art. 102.073(b).

Although the two third-degree offenses are identical, the trial court assessed different costs and fees. Not surprisingly, Hernandez argues in favor of the lower figure; the State wants the higher amount.

8

The judgment in the Lashbrook Offense reflects costs of $334. But a judgment nunc pro tunc raised the amount to $472. The Lashbrook Offense's bill of costs reflects costs and fees of $472.

In contrast, the judgment and bill of costs for the Bumpas Offense shows costs and fees of $344.

Hernandez asks that the $344 award in the Bumpas Offense be deleted and that the $334 award in the Lashbrook Offense be affirmed on "principles of equity, lenity[,] and fairness"; however, he does so without noting that the trial court later raised the Lashbrook amount to $472 in a judgment nunc pro tunc. Of the two third-degree felonies, the Lashbrook Offense now assesses the greater amount.

By comparison, the State asks that the award in the Lashbrook Offense be deleted and that the Bumpas Offense's $344 award be affirmed. The State contends that the bill of costs in the Lashbrook Offense contains numerous errors both of commission and omission, whereas the Bumpas Offense's bill of costs contains the correct costs and fees.[5]

---

[5]The bill of costs in the Lashbrook Offense inexplicably doubles the consolidated-court-costs fee from $133 to $266 and the courthouse-security-fund fee from $5 to $10. The doubling of these two costs is what elevated the assessment from $334 to $472. Additionally, the jury-summons fee and the service-of-subpoena fee, both for $5, are reflected in the Bumpas Offense but not in the bill of costs for the Lashbrook Offense, which explains why the Lashbrook Offense was originally $10 less than the identical Bumpas Offense.

Hernandez does not couch his argument in terms of objections to specific costs or fees. *See* Tex. Code Crim. Proc. Ann. art. 103.008 (West 2018) (providing method for correcting costs). He requests the less expensive of the two assessments on "principles of equity, lenity[,] and fairness." *But see Cain v. State*, 525 S.W.3d 728, 734 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (rejecting rule of lenity); *Robinson v. State*, 514 S.W.3d 816, 827 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (same). Hernandez voices no objection to the Lashbrook judgment nunc pro tunc, so the less expensive is now the $344 award in the Bumpas Offense—the judgment that the State advocates for.

Because our choices are between the Lashbrook Offense's $472 revised award and the $344 award in the Bumpas Offense, and because Hernandez requests the less expensive of the two, which is now the same one advocated for by the State, we leave the award assessed in the Bumpas Offense intact and delete the Lashbrook award of costs. *See Robinson*, 514 S.W.3d at 827–28 (siding with State's analysis); *see also Williams v. State*, 495 S.W.3d 583, 589–90 (Tex. App.—Houston [1st Dist.] 2016) (op. on reh'g) (same), *pet. dism'd*, 2017 WL 1493488 (Tex. Crim. App. Apr. 26, 2017).

**Conclusion**

We overrule Hernandez's first two points.

We sustain his third point and delete the award of costs in the judgments in the Lashbrook and Possession Offenses.

We affirm the judgment in the Bumpas Offense (cause number 02-17-00300-CR), and we affirm the judgments in the Lashbrook Offense (cause number 02-17-00301-CR) and the Possession Offense (cause number 02-17-00302-CR) as modified.

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  SUDDERTH, C.J.; KERR and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 24, 2018

11